CHICAGO, ST. P., M. & O. RY. Co. *v.* DAKOTA Co. and others.

*(Circuit Court, D. Nebraska.* August 9, 1886.)

RAILROAD COMPANIES—CONSOLIDATION OF ROADS—PURCHASE OF DOMESTIC BY FOREIGN CORPORATION—CIRCUIT COURT—JURISDICTION.

A foreign corporation, purchasing from a domestic corporation of Nebraska, its line of road, does not become thereby a new or a domestic corporation, and is not disabled from suit in the United States circuit court against a citizen of Nebraska.

On Demurrer to Bill.

*Barnes & Bros.* and *J. D. Howe,* for complainant.

*Joy, Wright & Hudson,* for defendant.

BREWER, J.   The single question presented is whether complainant is a domestic corporation, and therefore disabled from suit in this court against a citizen of Nebraska.   The facts, as alleged, are that complainant was created under the laws of the state of Wisconsin; that on June 1, 1881, it filed in the office of the secretary of state of Nebraska a duly-certified copy of its articles of incorporation.   On the same day it became the owner, by purchase from a Nebraska corporation, of a line of railroad within the state.   The act authorizing such a purchase, and defining the rights, powers, and duties of the purchaser, is as follows:

"Section 1. Every railroad company organized under the laws of this state, whose railroads constructed, or to be constructed, within this state, shall be so situated with reference to any railroad constructed, or to be constructed, through any adjoining state or territory, by any railroad company organized or existing under the laws of the United States, or any state or territory, that the same may be so connected at the boundary line of this state, or at any point within this state, by bridge, ferry, or otherwise, as to practically form a continuous line of railway over which cars may pass, is hereby authorized to purchase such connecting railway, or to sell the same to the railroad company constructing, owning, or operating the said railroad through said adjoining state or territory as aforesaid, to said point of connection; and any such foreign company purchasing under the provisions hereof any such connecting railroad within this state may manage the same by its board of directors and officers, and may operate the same, and may issue thereon its stock and bonds to the same extent, and in the same manner, as authorized by the laws of this state; and the said company shall file for record in the office of the secretary of state of this state a true copy of its articles of incorporation; and the said company shall thereafter possess, exercise, and enjoy within this state, as to the control, management, and operation of the said road, and as to the location, construction, and operation of any extension of its said railroad, or any connecting railroad or feeders within this state, all the rights, powers, privileges, and immunities, including the powers of eminent domain possessed by other railroad corporations of this state, and shall be liable to all the restrictions imposed by the general laws of this state upon the railroad corporations of this state.   The purchaser of any such railroad shall be subject to any and all laws, incumbrance, or indebtedness existing against the railroad company from which such road may be so purchased: provided, however, that nothing herein contained shall be construed as authorizing the pur-

chase by any railroad company, under the provisions of this act, of any parallel and competing line of railroad within this state.

"Sec. 2. Said corporation shall be subject to the laws of this state as to that portion of the road purchased, built, and operated in this state, the same as if organized under the laws of this state." Sess. Laws Neb. 1881, p. 303.

Does this act make a foreign corporation, purchasing from a domestic corporation its line of road, thereby a domestic corporation? I think not. Its title indicates its scope, that is, "an act authorizing the sale and purchase of railroads in certain cases." There is no suggestion in this as to the matter of citizenship, either individual or corporate. The act endows the foreign corporation purchaser with all the rights, powers, privileges, and immunities of domestic corporations, and subject to all the restrictions of the state laws. But is this the creation of a new corporation? is it not, rather, a prescription of the terms upon which the foreign corporation may do business within the state? Of course, the grant of privileges to a foreigner does not deprive him of the rights of a foreigner. Subjecting him to the laws of the state does not deprive him of his rights as a foreigner, unless there be some law forbidding the exercise of such rights. I am not advised of any law in Nebraska forbidding a domestic corporation from seeking the federal courts wherever the character of the litigation or the citizenship of the adversary party gives such courts jurisdiction. If there be no pretense of a law disabling a domestic corporation, does an act subjecting a foreign corporation to all the laws of the state cast any disability on such foreigner? In brief, this is, in my judgment, simply an enabling act. It does not create a new, or transform the foreign into a domestic, corporation. It simply prescribes the terms upon which such foreign corporation may purchase and operate a domestic line of railroad, and this it does without changing the *status* of such purchaser as a foreign corporation. The case comes within the reasoning of the case of *Moore* v. *Chicago, St. P., M. & O. Ry. Co.*, 21 Fed. Rep. 817. I see no reason to depart from the views therein expressed.

The demurrer will be overruled, and leave given to answer by October rules.